UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No.: 8:24-cv-01200-FWS-JDE          Date: June 10, 2024
Title: Peter Szanto, *et al*. v. Fred Rudat, *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER *SUA SPONTE* REMANDING CASE**

On June 4, 2024, Plaintiff Peter Szanto filed a Notice of Removal from Superior Court of California, County of Orange.  (Dkt. 1.)  Because the court finds this case has not been properly removed, the court *sua sponte* **REMANDS** the case to Orange County Superior Court in case number 30-2023-01355160.[1]

A defendant may remove a civil action filed in state court to a federal district court if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441.  Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue.  *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments.").  They have subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined."  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).  Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction."  *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted).  The defendant removing the action to federal court bears

---

[1] The caption of the Complaint reads, "Removed from Orange County Superior Court # 30-2023-01355160."  (*See* Dkt. 1 at 1.)

**CIVIL MINUTES – GENERAL**                                                                 1

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01200-FWS-JDE                                         Date: June 10, 2024
Title: Peter Szanto, *et al.* v. Fred Rudat, *et al.*

___

the burden of establishing that the district court has subject matter jurisdiction, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A "court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *GFD, LLC v. Carter*, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012).

The court finds Plaintiff's removal of this case was improper. First, only a defendant may remove a case to federal court. *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005) ("The removal statute, 28 U.S.C. § 1441, is quite clear that only a 'defendant' may remove the action to federal court."). Plaintiff's attempt to remove this case therefore fails.

Second, a removing defendant must file a notice of removal "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in" the state court action. 28 U.S.C. § 1446(a). Plaintiff did not file a copy of any process, pleadings, or orders from the state court. Not only does this failure violate Section 1446(a), but it also makes it impossible for the court to determine whether it has subject matter jurisdiction over this action, which the notice of removal indicates involves state law claims. (*See* Dkt. 1 at 2 ("The events which are the subject of this adversarial complaint concern a: 1) fraudulent foreclosure, 2) abuse of the Civil Code's non-judicial foreclosure laws (most particularly Civil Code 2924m's overbid provisions) and 3) a false manipulation of California's eviction laws by defendants employing counsel not qualified to practice law to oust Peter Szanto from possession of the subject property.").)

Accordingly, the court **REMANDS** the case to Orange County Superior Court in case number 30-02023-01355160.

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku

___